# New York Marine Court.

*Trial Term—June,* 1880.

## JOSEPH WOELFER *against* JOSEPH HEYNEMAN, President of Zion Lodge, No. 38, I. O. F. S. of I.

Death benefits. Benevolent society. Where a member paid his dues to an officer of the society at a time and place other than that specifically designated and appointed for such purpose in the by-laws, and the same are paid into the treasury of the society, and the fact entered on its minutes which were read and approved of at its next meeting,—*Held,* that the payment was legal and pre-served the member's status.

Where a subordinate lodge is charged with the duty of reporting certain facts to the Grand Lodge as a condition precedent to imposing on the Grand Lodge the duty of assessing and col-lecting death benefits, and the subordinate lodge refuses to perform this duty, the person to whom it is owing may maintain an action against the subordinate lodge for such breach of duty, and the sum which the Grand Lodge would have raised if such duty had been performed,—to wit, $1,000,—is the legal measure of damages.

McAdam, J.—The defendant's society is a member of and operated by, and in accordance with, and under the government of two other and different voluntary organiza-tions, known as District Grand Lodge No. 1, of the State

of New York, of the I. O. F. S. of I., and the Grand Lodge
of the United States of the I. O. F. S. of I., and is governed
by and is subject to a constitution and by-laws, which said
constitution and by-laws, and the several articles thereof,
are for the government of the said Grand Lodge and for
all subordinate lodges working under its authority, and
are followed by and adopted as part of the laws and
government of the defendants.

The objects of the society, pertinent to this inquiry,
are contained in the following articles of the constitution
and by-laws, to wit:

"Article VII.   Provisions for widows, orphans, etc.

"Section 1.   In case of the death of a member in good
standing, in any lodge of the I. O. F. S. of I., the sum of
$1,000, collected by regular contributions from all the
lodges of the Order, shall be paid to the wife of the
deceased, if living, and, if dead, to his children; if there
are none, then to such person or persons as he may have
formally designated to his said lodge prior to his decease,
or to his legal heirs.

"Section 2.   The secretary of the lodge wherein a
death occurs shall send to the grand secretary of the
Grand Lodge of the United States a certificate signed by
him, the president, and vice-president, with the seal of
the lodge affixed thereto, stating the full name and resi-
dence of the deceased, the date of his death, and that he
at that time was a member in good standing, also the
name and residence of the brother who was appointed by
the lodge to receive and collect the money.

"Section 3.   On receipt of such certificate, the grand
secretary shall give notice to all the lodges of the Order
forthwith, also shall publish such death in two Jewish
papers (those having the largest circulation), one in the
City of New York and one in Cincinnati.

"Section 4.   Every lodge of the Order shall, within
thirty days from the time of receiving such notice from
the grand secretary, pay and remit, for each and every

one of its members appearing on their roll-list, to the brother designated by the lodge in which the brother died, su·h sum as the Grand Lodge of the United States may have determined at its last yearly general meeting.

"Section 5. As soon as the sum of $1,000 is received, the lodge shall, by their trustees or other proper officers, pay the same to the widow, children, or any other person duly entitled to receive the same, and obtain from such person or persons receipts in duplicate form, signed by the parties receiving the same, and duly attested by said trustees, and shall forward immediately one of said receipts, with a schedule of the amounts received from the various lodges, and all surplus over and above the amount of $1,000 to the grand secretary.

"Section 6. A committee of three, appointed at the yearly general meeting, shall take charge of the surplus money so received during the fiscal year, shall invest the same at interest, and account for it to the next annual general meeting of the Grand Lodge of the United States, who then shall make the proper disposition of the same.

"Section 7. The survivors of a deceased brother of the Order are only then entitled to the said benefit, if the deceased, on the day of his death, shall not have been over four months in arrears for his dues and assessments to his lodge."

Siegmund Woelfler was, on and before June 2, 1873, a member of said Zion Lodge. Whether he was in good standing as such member is the first question presented for determination. He paid all of his dues and fines, and in every way observed and performed the rules and regulations of the several by-laws and constitution of the society.

The defendant contends that, because the last payment (the one which preserved his proper status in the society) was made to an officer of the society at a time and place other than that specifically designated and appointed for such purpose in the by-laws of the society,

the said Siegmund Woelfler ceased to be a member in good standing, and thereby lost his right to the benefits which would otherwise have become payable to his legal representatives.

This objection is answered by the admitted fact that the payment so made was, by the officer who received it, paid into the treasury of the society, and was passed by the proper financial officer to the credit of said Woelfler, and an entry of the fact was recorded in the defendant's minutes, which were approved of at the next regular meeting of the society.

These affirmative acts obviate the objection presented, and preclude it from now questioning the propriety and binding force of the payment.

This payment made Woelfler a member in good standing at the time of his death, and entitled his legal representatives to all the benefits agreed to be paid to the representatives of deceased members.

The society did other acts in recognition of the fact that Woelfler was entitled to all the observances and privileges belonging to good membership, but these need not be here enumerated in view of what has been said before. The defendant's society agree, in and by the constitution, that the sum of $1,000, collected by regular contribution from all lodges, shall be paid : First. To the wife of the deceased member, if living. Second. If the wife be dead, to his children, if he leave any. Third. If he leaves no wife nor child, then to such person or persons as he may have formally designated to his lodge prior to his death. Fourth. If he make no designation, then to his legal heirs.

The deceased left no wife nor child, and made no designation, so that the $1,000 became payable to his father (the present plaintiff), whom I decide to be his legal heir within the meaning of the provision just mentioned.

The defendant, recognizing the fact aforesaid, through its secretary, sent to the secretary of the Grand

Lodge of the United States, a certificate, complying with section 2 of the constitution in all but one particular, to wit, that the deceased was a member "in good standing" at the time of his decease, with the name of a brother appointed by the lodge to receive the money.

The Grand Lodge, in consequence of this omission, (which was purposely made) refused to collect and pay over the money necessary to pay and discharge the $1,000 aforesaid, holding that it was not legally bound to do so, because the required certificate had not been furnished. The Grand Lodge was right in this construction of the constitution (see sections 2, 3, and 4).

The defendant's society refused to give the required certificate, and the plaintiff, in consequence, brings this action to recover the damages resulting from the plain breach of the duty imposed upon it by section 2 (*supra*).

That the defendant owed this duty to the plaintiff, as the legal heir of the deceased, is clear (Lawrence *v.* Fox, 20 *N. Y.* 268), and by its failure to perform it the plaintiff has been damaged to the extent of $1,000, which he would have received if it had been performed.

There is no question that the Grand Lodge had the ability to collect and pay over the sum agreed ($1,000), and that it would have performed this formal duty faithfully, if it had obtained the certificate which the defendant wrongfully withheld.

The damages resulting from the breach are therefore fixed and certain. Whether the plaintiff had or has any other remedy for the money is a question not necessary to consider.

He is certainly entitled to the ordinary remedies furnished by the law for the redress of wrongs. He has chosen to bring this action, which is an appropriate form of remedy under the circumstances, and is entitled to a verdict for the sum of $1,000, with interest from the time when the plaintiff would have received that sum, if the

defendant had discharged the legal duty which he owed to him, making together the sum of $1,465.

As to suing Grand Lodge, see Eberle *v.* Kauffeld, 2 *How. Pr. N. S.* 488.

The judgment was subsequently paid.